IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY NASH,

    Plaintiff,

v.                                                  Case No. 2:23-CV-00236-MLG-GBW

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CATRON,
NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS BASED ON CLAIM PRECLUSION

For almost seven years, Plaintiff Gregory Nash has been seeking a judicial determination as to whether Defendant, the Board of County Commissioners of Catron County ("the County"), has unlawfully taken his property without compensation. That question has yet to be answered. Nash has sued the County twice before in state district court, but both cases were dismissed on governmental immunity grounds. Nash now seeks relief in this Court—albeit on different legal theories than those presented in the state court. Specifically, Nash Seeks damages for two separate violations of the Fifth Amendment's takings clause. Doc. 16. The County moves for dismissal of Count I of Nash's complaint[1] asserting that the doctrine of claim preclusion applies. Doc. 3. However, as explained below, the Court finds the state court dismissals of Nash's prior lawsuits do not constitute an adjudication on the merits for purposes of claims preclusion. The doctrine is therefore inapplicable, and the County's motion, *id.*, is denied.

---

[1] The County filed its motion prior to Nash filing his first amended complaint. *Compare* Doc. 3 (filed April 12, 2023) *with* Doc. 16 (filed February 21, 2024). At the March 1, 2024, motion hearing, defense counsel stated the County only seeks to dismiss Count I of the first amended complaint. Doc. 18 at 23:2-13; 24:2-10.

1

## BACKGROUND

I.     **State Court Litigation**

In 2017, Nash and his wife, Susie Nash (collectively "the Nashes"), filed their first state court action against the County to quiet title to the disputed portion of land[2] pursuant to a recorded warranty deed. *See* Doc. 3-1; Doc. 1 at 3 ¶ 9. The County moved to dismiss under Rule 1-012(b)(6) NMRA asserting that the claim fell within the ambit of a state statute, NMSA 1978, § 42-11-1 (1979), barring quiet title suits against political subdivisions. *See* Doc. 7-1 at 3-5. The state district court ruled in the County's favor and dismissed the action with prejudice concluding the Nashes' suit was "barred by statutory immunity."[3] *Nash v. Bd. of Cnty. Comm'rs of Catron Cnty.*, No. D-728-CV-2017-00018, 2018 WL 11272233, at *1 (N.M. Dist. Jan. 24, 2018).

---

[2] The disputed part of the property is located within "Section 12, Township 7 South, Range 19 West of the NMPM, Village of Reserve, Catron County, New Mexico." Doc. 1 at 3. It is more fully described as the following:

> Beginning at the northwest corner of the herein described tract, being a common corner with the northeast corner of lot number eight (8) in Block number one (1), of the Reserve Townsite Plat, running thence S.74 degrees, 10' 4" E., a distance of 43.98 feet to the northeast corner; thence S. 09 degrees, 13' 52" W a distance of 11.91 feet to an angle point; thence S 05 degree 21'56" [*sic*] E, a distance of 132.08 feet to the southeast corner; thence N 73 degrees, 54' 58" W a distance of 91.38 feet to the southwest corner; thence N 15 degrees 05'43" East, a distance of 134.59 feet to the northwest corner and place of beginning and containing 0.2047 acres more or less, . . . wit [*sic*] said property being located in Reserve, New Mexico. The property is adjacent to 100 Main, Reserve, Catron County, New Mexico 87830.

*Id.* ¶ 9; *see* Doc. 3-1 at 2 ¶ 5; Doc. 3-3 at 1-2 ¶ 5.

[3] That decision was affirmed by the New Mexico Court of Appeals. *See Belen Consol. Sch. Dist. v. Cnty. of Valencia*, 2019-NMCA-044, ¶ 14, 447 P.3d 1154. The New Mexico Supreme Court took up the matter to consider "whether statutory immunity protects counties from being named in quiet title actions" under Section 42-1-11, "or whether a valid waiver to that immunity exists" under NMSA 1978, § 42-11-12 (1947). *Nash v. Grp. I: Bd. of Cnty. Comm'rs*, 2021-NMSC-005, ¶ 1, 480 P.3d 842. It ultimately sided with the County, determining that Nash could not sue the County as part of a quiet title action. *Id.* ¶¶ 34, 41.

Thereafter, in 2021, the Nashes initiated a second state court case against the County. This time they sought relief under the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, §§ 41-4A-1 *et seq.*, for violations of the New Mexico Constitution, Article 2, Sections 18 and 20. Doc. 3-3 at 1, 3. Again, before the substantive question could be resolved, the County filed a motion for judgment on the pleadings arguing, *inter alia*, that the Nashes' NMCRA claim was barred by the "sovereign immunity provided by [Section] 42-11-1." Doc. 7-2 at 2.[4] The state district court granted the motion, dismissed the complaint with prejudice, and denied the Nashes' motion for reconsideration.[5] *See Nash v. Bd. of Comm'rs of Catron Cnty., N.M.*, No. D-728-CV-2021-00033 (N.M. Dist. Dec. 16, 2022) (hereinafter *Nash III*); Doc. 3-4 (denial of reconsideration).

After these state court cases were resolved, the County went on the offensive. It first sought and subsequently obtained a preliminary injunction against the Nashes on March 1, 2023. Doc. 7-3. That case was apparently dismissed on July 31, 2023. *See Bd. of Comm'rs of Catron Cnty., N.M. v. Nash*, No. D-728-CV-2023-00002 (N.M. Dist. July 23, 2023). The County also filed a condemnation action about the same disputed portion of property on April 12, 2023. Doc. 7-4 at 1, 3. That litigation remains ongoing. *See, e.g.*, *Bd. of Cnty. Comm'rs of Cnty. of Catron v. Nash*,

---

[4] The County's motion in that matter was styled as a motion to dismiss on sovereign immunity grounds. Doc. 7-2 at 2-3. That was not correct. The County's motion was predicated on Section 42-11-1, which provides governmental immunity (not sovereign immunity) to, *inter alia*, counties for legal proceedings involving claims "of title to or interest in real property except as specifically authorized by law."

[5] The state district court did not expressly indicate why the second state case was dismissed with prejudice—it only stated dismissal was "for the reasons reflected in the record." *Nash III*, No. D-728-CV-2021-00033. The parties agree both dismissals were based on immunity conferred by Section 42-11-1. Doc. 18 at 5:19-6:1 (defense counsel discussing the judgment on the pleadings, saying, "the State District Court found that the same statutory immunity that applied in the [Nashes'] first suit also precluded liability on the [Nashes'] second suit"); 39:19-22 (Nash's counsel stating both state district court dismissals were based on "sovereign immunity").

3

No. D-728-CV-2023-00006 (N.M. Dist. Dec. 27, 2023) (appointment of appraiser).

## II. Federal Litigation

Nash filed the instant lawsuit for the County's supposed unlawful taking of and continued encroachment upon a portion of his property.[6] Doc. 1 at 3-4 ¶¶ 9-14. The County seeks dismissal of Nash's Fifth Amendment takings claim. In support of its position, the County asserts the dismissals of the Nashes' prior lawsuits constitute "adjudication[s] on the merits for the purposes of res judicata." Doc. 3 at 5 (quoting *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 10, 314 P.3d 698). Predictably, Nash disagrees. He maintains that dismissal on governmental immunity grounds necessarily means the state district court did not reach the fundamental legal issues of the case. Doc. 7 at 4-8. Therefore, in his view, it would be error to characterize the earlier state court dismissals as adjudications on the merits. *Id.*

## LAW ON CLAIM PRECLUSION

Under New Mexico law, claim preclusion will only apply when "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54; *see Truman v. Orem City*, 1 F.4th 1227, 1242 (10th Cir. 2021) ("State preclusion rules govern the preclusive effect of a state judgment in federal court."). All four elements must be met for the doctrine to be properly invoked. *See Deflon v. Sawyers*, 2006-NMSC-025, ¶¶ 3, 27, 137 P.3d 577, *as corrected* (June 29, 2006) (explaining claim preclusion would not apply because one element was not met). And although claim preclusion reflects a policy preference for finality in judgments and judicial economy, *see Moffat v. Branch*, 2005-NMCA-

---

[6] The real property at the center of this dispute is the same parcel of land addressed in the Nashes' prior state cases. *Compare* Doc. 1 at 3 ¶ 9, *with* Doc. 3-1 at 2 ¶ 5 *and* Doc. 3-3 at 1-2 ¶ 5.

4

103, ¶ 25, 118 P.3d 732, "the trial judge may determine that its application would be fundamentally unfair and would not further the aim of the doctrine." *Silva v. State*, 1987-NMSC-107, ¶ 7, 745 P.2d 380; *cf. State of N.M. ex rel. San Miguel Bd. Cnty. Comm'rs v. Williams*, 2007-NMCA-036, ¶¶ 4-5, 23-29, 155 P.3d 761 (declining to apply claim preclusion because the "only issue decided in the [prior] case was the immunity bar against the County's claims for damages and declaratory judgment," not the question raised by the plaintiff's complaint).

## DISCUSSION

The key question presented "is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Wade v. Pittsburgh*, 765 F.2d 405, 409 (3d Cir. 1985) (holding an earlier judgment based on statutory immunity meant claim preclusion would not apply). In considering that issue, state law is controlling. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-82 (1985) (noting 28 U.S.C. § 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered"); *accord Truman*, 1 F.4th at 1242. So, the Court must assess whether a dismissal on the grounds of governmental immunity[7] constitutes a judgment on the merits through the aperture of New Mexico decisional authority.

New Mexico courts have made plain that "the issue of governmental immunity is

---

[7] The Court regards governmental immunity as a kind of statutory immunity because governmental immunity is a creation of the New Mexico Legislature and is contained in various statutory provisions, like Section 42-11-1. *See Fireman's Fund Ins. Co. v. Tucker*, 1980-NMCA-082, ¶ 9, 618 P.2d 894 ("[I]n New Mexico, the statutory scheme generally confers immunity on governmental bodies."); *Nash II*, 2021-NMSC-005, ¶ 4 ("[T]he Legislature statutorily resurrected governmental immunity in actions concerning real property."). Moreover, governmental immunity and statutory immunity are oftentimes referred to synchronously. *See, e.g., Daddow v. Carlsbad Mun. Sch. Dist.*, 1995-NMSC-032, ¶ 26, 898 P.2d 1235 ("[A 42 U.S.C.] § 1983 action against a political subdivision of the state is not barred in New Mexico by any statutory governmental immunity."); *Univ. of N.M. Police Officer's Ass'n v. Univ. of N.M.*, 2005-NMSC-030, ¶ 1, 120 P.3d 442 (referencing enforceability of a contract "notwithstanding statutory governmental immunity").

jurisdictional in nature." *Spray v. City of Albuquerque*, 1980-NMSC-028, ¶ 13, 608 P.2d 511; *see Dibble v. Holguin*, No. 1:16-CV-01226, 2017 WL 11408452, at *4 (D.N.M. Sep. 7, 2017); *Smith v. New Mexico*, No. 20-591, 2020 WL 6702018, at *3 (D.N.M. Nov. 13, 2020). The legal principle is of import here because dismissals for lack of jurisdiction are without prejudice. As the Tenth Circuit has explained, once a court determines that it lacks jurisdiction over an action, it "is incapable of rendering a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (emphasis omitted); *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) ("It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice.") (quotation marks and alteration omitted)), *cert. denied*, 580 U.S. 1098 (2017); *Atrisco Heritage Found. v. N.M. Comm'n for Cmty. Volunteerism*, No. 18-cv-937, 2020 WL 1514625, at *11 (D.N.M. Mar. 30, 2020) (explaining that "[a] suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render" (citation omitted)); *accord City of Las Vegas v. Oman*, 1990-NMCA-069, ¶ 33, 796 P.2d 1121 ("[A] judgment for a defendant does not bar another action by the plaintiff when the judgment is one of dismissal for lack of [the district court's] jurisdiction[.]") (internal quotations and alteration omitted)). Thus, a court without jurisdiction—for reasons of governmental immunity or some other jurisdictional defect—cannot properly render a decision "on the merits."

Given this legal authority, the Court concludes that the Nashes' prior state court cases were dismissed on jurisdictional grounds (i.e., governmental immunity) and those matters were not adjudicated on the merits. *Cf. Brereton*, 434 F.3d at 1218 (noting that when reviewing dismissals for lack of jurisdiction, the Tenth Circuit's duty is to "to correct a district court disposition erroneously entered 'with prejudice' on jurisdictional grounds"); *Bralley v. City of Albuquerque*,

1985-NMCA-043, ¶ 18, 699 P.2d 646 ("The words 'without prejudice' when used in an order . . . generally indicate that there has been no resolution of the controversy on its merits and leave the issues in litigation open to another suit as if no action had ever been brought."). Claim preclusion is therefore inapplicable because not all of the doctrine's elements have been met. *See Deflon*, 2006-NMSC-025, ¶¶ 3, 27 (declining to apply claim preclusion because all four elements were not met); *Moffat*, 2005-NMCA-103 at ¶ 10 ("Defendants have the burden of showing all the elements of claim preclusion.").

## CONCLUSION

Accordingly, the County's motion, Doc. 3, is denied, and Nash may move forward with proving up his case. It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA