IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY NASH,

    Plaintiff,

v.                                             Case No. 2:23-CV-00236-MLG-GBW

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CATRON,
NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff Gregory Nash and Defendant, the Board of County Commissioners of Catron County ("County"), have been involved in multiple disputes concerning the same piece of property since at least 2017. Doc. 16 at 3-4 ¶¶ 11, 15-17. In this case, Nash alleges the County violated his Fifth and Fourteenth Amendment rights to the U.S. Constitution through a taking of his "property without just compensation[.]" *Id.* ¶ 13. The County moves for dismissal on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that the claim began to accrue no later than 2017 and the relevant statute of limitations has since expired. Doc. 32 at 1-2. Nash contends that the taking at issue could not have occurred until 2023. Doc. 34 at 1-2. He alternatively asserts that if the statute of limitations began earlier, the New Mexico savings statute, NMSA 1978, § 37-1-14 (1976), renders this action timely. *Id.* at 8-9. These arguments neither persuade nor address the core question: When did Nash know, or when should he have known, of the claim's existence? The Court finds that Nash knew, or should have known, of his potential takings claim in 2017, but his cause of action accrued in 2019 following the Supreme Court's holding in *Knick v. Township of Scott*, 588 U.S. 180 (2019). Nash did not file his federal takings claim until 2023, well after the

1

applicable New Mexico three-year statute of limitations had expired. Doc. 1; *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014) (holding that because federal law does not establish a time limitation for bringing Section 1983 claims, when a federal cause of action arises in New Mexico, local time-limitation rules govern). Nash's Fifth and Fourteenth Amendment takings claim asserted in Count I of the Amended Complaint is therefore untimely and must be dismissed. *See* Doc. 16 at 2-5 ¶¶ 7-21.

## BACKGROUND

**I.     State Court Litigation**

In 1955, Nash's parents purchased property situated within Catron County.[1] Doc. 16. at 3 ¶¶ 9-10. In 1968, Pablo and Ester Romero transferred at least some of that property to the County. *Id.* at 3 ¶ 11. Nash asserts that the Romeros lacked lawful authority to make that transfer. *Id.* at 3 ¶¶ 11, 14. The Catron County courthouse was built on land included as part of the property the Romeros deeded to the County. *Id.* at 3 ¶¶ 9-11, 14; *Belen Consol. Sch. Dist. v. County of Valencia*, 2019-NMCA-044, ¶ 7, 447 P.3d 1154, 1156 (stating the County's property that shares a boundary line with Nash's property is where the Catron County courthouse complex is situated); *Nash v. Bd. of Cnty. Comm'rs*, 2021-NMSC-005, ¶ 12, 480 P.3d 842, 846; Doc. 3-3 at 2 ¶ 6 (alleging "[t]he County has operated and continues to operate a courthouse complex that encroaches upon the Property owned by Nash"); Doc. 32 at 4 (asserting the County's courthouse was built on the property at issue between 1968 and 1969). Trying to remedy the matter in 2017, Nash and his mother, Susie K. Nash, filed a quiet title action ("2017 Quiet Title Litigation") seeking to

---

[1] The disputed part of the property is located within "Section 12, Township 7 South, Range 19 West of the NMPM, Village of Reserve, Catron County, New Mexico." Doc. 16 at 3 ¶ 9. The full description of the property is set forth in the Court's Memorandum Opinion and Order filed March 28, 2024. Doc. 19 at 2 n.2.

extinguish the County's interest in the property from the 1968 deed. Doc. 34 at 4 n.15; Doc. 16 at 4 ¶ 15. The County filed a motion to dismiss, which the state district court granted. Doc. 7-1 at 3-5; *Nash v. Bd. of Cnty. Comm'rs*, No. D-728-CV-2017-00018, 2018 WL 11272233, at *1 (N.M. Dist. Jan. 24, 2018). Nash appealed. *Belen Consol. Sch. Dist.*, 2019-NMCA-044. The New Mexico Court of Appeals affirmed the district court holding that counties are immune from quiet title lawsuits. *Id.* ¶¶ 1, 11. Nash sought the New Mexico Supreme Court's review, which in October 2020 affirmed the district court's dismissal. *Nash*, 2021-NMSC-005, ¶ 41.

Thereafter, in November 2021, Nash and his mother filed a second state court case ("the 2021 Lawsuit") against the County. This time, Nash sought relief under the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, §§ 41-4A-1 et seq., for violations of Article 2, Sections 18 and 20 of New Mexico's Constitution. Doc. 3-3 at 1, 3 ¶¶ 4, 8-12, 15. Again, the district court granted the County's motion to dismiss, finding that sovereign immunity barred the Nash family's claim. Doc. 7-2 at 2; Doc. 16 at 4 ¶ 15. A subsequent motion for reconsideration was denied. *See Nash v. Bd. of Comm'rs.*, No. D-728-CV-2021-00033 (N.M. Dist. Dec. 16, 2022); Doc. 3-4 (denial of reconsideration).

After these cases were resolved, the County filed a new action seeking an injunction mandating Nash remove shipping containers from the disputed property and refrain from placing any other obstructions on the property. Doc. 7-3 at 3 ¶¶ a-b. The district court granted that request, issued the injunction, and later dismissed the matter on July 31, 2023. *Id.*; *see Bd. of Comm'rs v. Nash*, No. D-728-CV-2023-00002 (N.M. Dist. July 23, 2023). The County subsequently filed a condemnation action regarding the property on April 12, 2023. Doc. 7-4. That litigation is ongoing. *See Bd. of Cnty. Comm'rs of the Cnty. of Catron v. Nash*, No. D-728-CV-2023-00006 (N.M. Dist. Aug. 7, 2025).

## II. Federal Court Litigation

Nash filed the instant lawsuit against the County. He claims an unlawful taking and encroachment upon his property.[2] Doc. 16 at 2-5 ¶¶ 7-21. Count I of the Amended Complaint asserts violations of the Fifth Amendment's takings clause and the Fourteenth Amendment's due process clause. *Id.* Nash alleges that some or all the property owned by his family was deeded to the County in 1968 and that the County is unlawfully encroaching on his property. Doc. 16 at 3 ¶¶ 11, 14. The County seeks dismissal of Count I pursuant to Federal Rule of Civil Procedure 12(c), asserting that this claim was filed outside of the operative statute of limitations. Doc. 32 at 1-2.

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). When applying "this standard, [the Court] accept[s] as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'" *Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although a dispositive motion asserting a statute-of-limitations defense is not typically suitable for resolution through Rule 12,[3] a court may nevertheless decide the issue "'when the dates given in the complaint make clear that

---

[2] The County previously moved to dismiss under the theory that claim preclusion barred Nash's federal takings claim because the 2017 and 2021 cases were dismissed on governmental immunity grounds. Doc. 3 at 5. The Court denied the motion on the grounds that Nash's prior lawsuits do not constitute adjudications on the merits for preclusion purposes. Doc. 19 at 1.

[3] A statute-of-limitations argument is an affirmative defense that must be raised by the defendant. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The County raised this defense in its Answer to the Amended Complaint. Doc. 21 at 5 ¶ 2.

4

the right sued upon has been extinguished.'"[4] *Herrera*, 32 F.4th at 991 (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

**I.      Accrual of Nash's Federal Takings Claim**

The Amended Complaint, along with the various filings submitted in Nash's state court litigations, demonstrate he knew (or should have known) of a potential takings claim against the County no later than 2017. *See id.* at 990 ("[A] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action, or when the plaintiff's right to report to federal court was perfected." (citation modified)). At that time, the County was using the property for its courthouse. *See Belen Consol. Sch. Dist.*, 2019-NMCA-044, ¶ 7; *see also* Doc. 3-3 at 2 ¶ 6. Documents filed in the 2017 Quiet Title Litigation acknowledge the existence of a dispute regarding the property. Doc. 16 at 4 ¶ 15; Doc. 3-1 at 1-4. The Amended Complaint alleges that after the Romeros deeded the property, the "[County]'s employees use Plaintiff's property without his consent and continuously encroach upon Plaintiff's property. The encroachment continues to the day of filing this action." Doc. 16 at 3 ¶¶ 11, 14. And in Nash's appeal in that case, he argued that an unconstitutional taking had occurred since he could not bring a quiet title suit against the County.[5] *Belen Consol. Sch. Dist.*, 2019-NMCA-044, ¶ 13.

---

[4] Courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" when reviewing Rule 12(b)(6) motions. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Nash refers to his prior state lawsuits in the Amended Complaint. Doc. 16 at 4 ¶ 15. The County also attached Nash's complaints from his 2017 and 2021 cases to its initial Motion to Dismiss. Doc. 3; Doc. 3-1; Doc. 3-3. Seeing as Nash's state court filings are public records and their authenticity is not disputed, the Court may consider them without converting the County's Motion into one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion . . . ."); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (accepting state-court filings as subject to judicial notice).

[5] The New Mexico Court of Appeals declined to address this argument as it was raised for the first time on appeal. *Belen Consol. Sch. Dist.*, 2019-NMCA-044, ¶ 13.

Nash's filings and representations in the 2021 Lawsuit tell a similar story. There, Nash asserted the County had committed a taking in violation of Article 2, Section 18 of the New Mexico Constitution. Doc. 3-3. He alleged that:

> The County has operated and continues to operate a courthouse complex that encroaches upon the Property owned by Nash. . . .
>
> County employees routinely enter upon the Property owned by Nash, without consent of Nash. . . .
>
> The County has not paid compensation to Nash for its encroachment on, and use of, the Property[;] [and]
>
> The County has not initiated condemnation or any other kind of proceedings to obtain title to the encroached upon Property.

*Id.* at 2-3 ¶¶ 6-9.

Notwithstanding the preceding, Nash asserts that the taking did not take place until 2023 when the County sought and received an injunction on March 1, 2023, or in April 2023, when the County filed its condemnation action. Doc. 34 at 2-3. He argues that if the County already possessed the property prior to 2023, "there would be no need for condemnation." *Id.* at 3. This argument fails to persuade.

In *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation." *Id.* at 195. So, under that holding, Nash's federal takings claim was not ripe until a New Mexico court denied his claim for just compensation under state law. *Id*. But that decision was overruled in 2019 in *Knick*, 588 U.S. 180. There, the Supreme Court abrogated the state-exhaustion requirement for property owners and concluded a property owner "has a Fifth Amendment entitlement to compensation as soon as the government

takes his property without paying for it." *Id.* at 190. Therefore, "[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government." *Id.* at 206. *Knick*'s holding applies to Nash's claim in this case. His federal takings claim accrued with the Supreme Court's issuance of *Knick* as he then had the right to apply to the court for relief. *See Corner Post, Inc. v. Bd. of Governors*, 603 U.S. 799 (2024) ("A claim accrues when the plaintiff has the right to assert it in court—and in the case of the [Administrative Procedure Act], that is when the plaintiff is injured by final agency action."); *Rogne v. Catoosa*, No. 24-cv-00307-SH, 2025 WL 582563, at *8 (N.D. Okla. Feb. 21, 2025) (finding a plaintiff's federal takings claim accrued when *Knick* was issued). Consequently, Nash's federal takings claim accrued in 2019 and expired in 2022. *See Varnell*, 756 F.3d at 1212-13 (explaining that the statute of limitations for Section 1983 claims arising in New Mexico is three years).

**II.     NMSA 1978, Section 37-1-14 Does Not Save Nash's Federal Takings Claim**

Nash alternatively argues if the statute of limitations commenced in 2019, Count I of the Amended Complaint is tolled by New Mexico's savings statute, NMSA 1978, § 37-1-14. Doc. 34 at 8-9. The savings statute states:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

§ 37-1-14. New Mexico "narrowly construes" Section 37-1-14 and "this provision applies only when the two complaints are substantially the same—involving the same parties, the same cause of action, and the same rights." *Murphy v. Romero*, No. 98-2035, 1998 WL 438794, at *2 (10th Cir. July 15, 1998) (citing *Rito Cebolla Invs. Ltd. v. Golden West Land Corp.*, 1980-NMCA-028, ¶ 40, 94 N.M. 121, 607 P.2d 659). Nash asserts that the 2021 Lawsuit tolls the relevant statute of limitations. Doc. 34 at 8-9. He notes that this case was filed approximately three months after the

2021 Lawsuit was dismissed and that both suits involved the same parties and "a right not to have property taken without just compensation." *Id.* at 9. Nash concedes the 2021 Lawsuit brought an action based on a violation of the New Mexico Constitution, whereas the present action seeks relief due to a violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. *Id.* The U.S. Constitution and the New Mexico Constitution are distinct legal authorities, as demonstrated by the causes of action raised in Nash's lawsuits. A Section 1983 claim, as asserted in this case, provides a cause of action to individuals for the violation of their federal rights by state actors. *See Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996); Doc. 16 at 2 ¶ 8. The NMCRA redresses violations of the bill of rights of the New Mexico Constitution made by a public body or person. NMSA 1978, § 41-4A-3 (2021); Doc. 3-3 at 3 ¶¶ 10-15. The rights at issue in the 2021 Lawsuit and the present case are distinct and founded upon differing legal grounds. The New Mexico savings statute therefore does not apply, as this case does not involve the same cause of action or right as Nash's 2021 Lawsuit. *Compare* Doc. 3-3, *with* Doc. 16.

## CONCLUSION

Following *Knick*, Nash failed to seek relief on his federal takings claim within the three-year period provided by the statute of limitations. 588 U.S. 180; *see* Doc. 1; *Varnell*, 756 F.3d at 1212. The Court therefore concludes Nash did not timely file his takings claim asserted in Count I of the Amended Complaint. Doc. 16 at 2-5 ¶¶ 7-21. Count I is dismissed with prejudice.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA